UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TROY WAGNER,

      Plaintiff,

v.                            Case No: 2:23-cv-99-JES-NPM

KANISHA PETERSON, Custody Officer, DAKOTA CARDENAS, Shift Captain, MARK SNYDER, Facility Investigator, MELINDA MASTERS, Facility Administrator, DONALD SAWYER, COURTNEY JONES, Clinical Director, and DICKS, Unit Manager,

      Defendants.

---

## OPINION AND ORDER

Before the Court is Plaintiff Troy Wagner's Complaint (Doc. #1). Wagner—a resident of the Florida Civil Commitment Center (FCCC)—sues several FCCC officials under 42 U.S.C. § 1983. United States Magistrate Judge Nicholas P. Mizell granted Wagner leave to proceed in forma pauperis, so the Court must review the Complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks monetary judgment from someone who is immune from such relief. See 28 U.S.C. § 1915(e).

The standards that apply to a dismissal under Federal Rule of Civil Procedure 12(b)(6) apply to § 1915 screening. Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). A complaint is

subject to dismissal for failure to state a claim if the facts as pled do not state a claim for relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. Specifically, although a complaint "does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully-harmed-me accusation" is not enough. Iqbal, 556 U.S. at 678. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id.

To state a claim for relief under § 1983, a plaintiff first must allege a violation of a right secured by the Constitution or under the laws of the United States; and second, allege that the deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). "[C]omplaints

in § 1983 cases must...contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Randall v. Scott, 610 F.3d 701, 707 n.2 (11th Cir. 2020) (citation and internal quotation marks omitted).

In determining the sufficiency of a pro se complaint, the Court must construe the allegations liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Court must also accept the allegations as true. Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006). But the Court need not credit a pro se plaintiff's "naked assertions" or "legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

According to Wagner's Complaint, Mark Snyder wrote a disciplinary report stating that Wagner paid another FCCC resident $200 for drugs. Courtney Jones, Dakota Cardenas, and Cheryl Dicks provided evidence to support the report, and a Wagner was found guilty at a disciplinary hearing. Wagner filed a grievance for unspecified constitutional violations, which Melinda Masters denied. Donald Sawyer denied Wagner's grievance appeal. Wagner accuses Defendants of causing him emotional distress by "faking these actions." (Doc. #1 at 9).

Wagner appears to assert a violation of his due process rights, but the alleged facts are insufficient. Wagner fails to state a substantive due process claim because he does not allege

denial of a fundamental right or liberty interest. See Grady v. Baker, 404 F. App'x 450, 454 (11th Cir. 2010) ("The involuntarily civilly committed have liberty interests under the due process clause of the Fourteenth Amendment to safety, freedom from bodily restraint, and minimally adequate or reasonable training to further the ends of safety and freedom from restraint." (citation omitted)). Nor does he allege any procedural due process violation, like denial of "notice, a hearing, or post-deprivation review." Id. In fact, Wagner received all three.

Wagner fails to state a plausible due process claim. Accordingly, it is hereby

**ORDERED**:

Troy Wagner's Complaint (Doc. #1) is **DISMISSED without prejudice.** Wagner may file an amended complaint by **June 14, 2023. Otherwise, the Court will close this case and enter judgment without further notice.**

**DONE and ORDERED** at Fort Myers, Florida, this __1st__ day of June 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:
Counsel of Record